MAY 24, 1803.

# A. D. Orr *v.* John Bobb.

*Upon a writ of error to reverse a judgment of the Court of Quarter Sessions of Fayette county.*

1. After a jury is sworn a juror can not be withdrawn without the consent of both parties; and to withdraw a juror and discharge the jury, where the defendant has not appeared or consented, would be erroneous.

2. But if a juror absconds, or is unavoidably taken off from the other jurors, the court may discharge the jury without consent of parties.

3. The court can not regard an error unless it be particularly assigned by the appellant as ground of reversal.

Two errors are assigned in this cause: 1st. That a jury was sworn on the 14th of May, 1801, to inquire of damages, the defendant not having appeared. On the 15th a juror was withdrawn and the jury discharged (the defendant still not having appeared) and a new *venire facias* awarded on the motion of the plaintiff returnable to the next day, when a new jury was sworn ;

whereas, the first jury might have found a verdict at any subsequent day of the term. And, although the default of a juror may be recorded, he can not be withdrawn without the consent of both parties, and a new trial be had at the same term.

The proceedings complained of appear to have been thus : A jury was sworn to inquire of damages, and on the next day, one of the jurors having made default, the rest of the jurors were discharged, and on motion of the plaintiff, an *alias venire facias* was awarded, returnable to the next day, when the defendant appeared, and having set aside the writ of inquiry and plea to issue, the suit was then tried. By the act to reduce into one the several acts establishing courts of quarter sessions, etc., sec. 12, taken in connection with the former rules of practice, a second trial in the same term may have been improper in this case ; but the court is prohibited from regarding the error, it not having been particularly assigned. The second, indeed, expresses that the absent juror was withdrawn, but this must be surplusage, for the real intention of the court could only have been to release the other jurors from an attendance which was rendered fruitless by the absence of one of their members ; and the power of the court to do so can not be doubted whenever a juror will fully abscond, or is unavoidably taken off from the other jurors. But the principal, if not the whole force of this error, seems to be placed on the court having withdrawn a juror without the consent of both parties, which, had it been done, would have been erroneous.

It is assigned, as a second error, that an execution issued for two hundred and one pounds, twelve shillings damages, fourteen hundred and fifty-four cents and ten shillings and five pence costs. And the penalty of the replevy bond is ninety pounds eight shillings. The condition whereof, recites an execution for debt, forty pounds nineteen shillings ; costs, four pounds seventeen shillings and eight pence ; and sheriff's half commission, one pound eight shillings. It ought to be observed that on this execution a credit was indorsed for five hundred, forty and a half dollars, which, being deducted from the damages, and allowing for a small error in calculation committed by the sheriff, there remains what, contrary to strict propriety, he styles £.40 19 0 debt. The court also finds that the sheriff has erred in calculating half commission, and that these two errors amount to one pound fifteen shillings and ten pence.

Wherefore, it is considered by the court that the said judgment be affirmed, and that the said Bobbs shall indorse on the said

replevy bond a credit for one pound fifteen shillings and ten pence, and also for the amount of the costs incurred by the said Orr in the prosecution of this writ of error, it shall remain in force as to the residue of the money expressed in the condition thereof, which is ordered to be certified to the circuit court of Fayette county.